The court indefinitely suspended petitioner James Richard Mayer from the practice of law for a minimum of 18 months, effective as of March 16, 2016. In re Mayer , 880 N.W.2d 16, 16 (Minn. 2016) (order). Mayer's misconduct involved misappropriating funds from a non-profit organization, including forging signatures on checks, while serving as an officer of the non-profit. Id. ; see also Minn. R. Prof. Conduct 8.4(b) and 8.4(c). Petitioner applied for reinstatement in December of 2017, and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner proved by clear and convincing evidence that he had undergone the requisite moral change to render him fit to resume the practice of law, that he possesses current legal skill and knowledge, and that he had otherwise met the conditions of reinstatement set forth in our prior order. The panel recommended that petitioner be reinstated to the practice of law and placed on probation for a period of 2 years, subject to conditions.
Petitioner and the Director of the Office of Lawyers Professional Responsibility agree with the panel's recommendation. The court has independently reviewed the file and approves the panel's recommendation.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED that petitioner Mayer is reinstated to the practice of law and placed on probation to terminate 2 years after petitioner's reinstatement (except as specified below), subject to the following terms and conditions:
(a) Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Petitioner shall promptly respond to the Director's correspondence by the due date. Petitioner shall provide to the Director a current mailing address and shall immediately notify the Director of any change in address. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall authorize the release of information and documentation to verify compliance with the terms of this probation.
(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.
*686 (c) Petitioner shall seek mental health treatment and/or financial counseling should he experience any mental health issues or financial stressors that may impact his ability to practice law or to provide competent and comprehensive representation to his clients and/or to handle client funds within the Rules of Professional Conduct.
(d) If, upon reinstatement, petitioner is jointly responsible for and/or named as a signatory on a law firm trust account during the probationary period while employed by a law firm or as a solo practitioner, petitioner shall be supervised by a licensed Minnesota attorney, who may be employed by the same entity as petitioner, and maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1 to the Minnesota Rules of Professional Conduct. These books and records shall include the following: client subsidiary ledgers; checkbook registers; monthly trial balance reports; monthly reconciliation reports; bank statements; canceled checks (if they are provided with the bank statements); duplicate deposit slips; bank reports of interest, service charges, and interest payments to the Minnesota IOLTA Program; and bank wire, electronic, or telephone transfer confirmations. Such books and records shall be made available to the Director within 30 days of petitioner assuming joint responsibility for, or being named as a signatory on, a trust account. Such books and records shall thereafter be made available to the Director at such intervals as the Director deems necessary to determine compliance.
(e) If, at any time after reinstatement, petitioner engages in the practice of law as a solo practitioner, petitioner shall notify the Director at least 30 days before commencing solo practice. Petitioner shall be subject to a new probation for a period of 2 years commencing on the date petitioner begins solo practice, subject to the following condition:
(i) With respect to his trust account while acting as a solo practitioner, petitioner shall be supervised by a licensed Minnesota lawyer or a licensed certified public accountant. Petitioner shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1 to the Minnesota Rules of Professional Conduct. These books and records shall include the following: client subsidiary ledgers; checkbook registers; monthly trial balance reports; monthly reconciliation reports; bank statements; canceled checks (if they are provided with the bank statements); duplicate deposit slips; bank reports of interest, service charges, and interest payments to the Minnesota IOLTA Program; and bank wire, electronic, or telephone transfer confirmations. Such books and records shall be made available to the Director within 30 days of petitioner opening a trust account. Such books and records shall thereafter be made available to the Director at such intervals as the Director deems necessary to determine compliance.
(f) If at any time during the period of probation, after giving petitioner an opportunity to be heard by the Director, the Director concludes that petitioner has violated the conditions of the probation or engaged in further misconduct, the Director may file a petition for disciplinary action against petitioner in the Minnesota Supreme Court without the necessity of submitting the matter to a Panel or Panel Chair. Petitioner waives the right to such consideration by the Panel or Panel Chair.
*687 BY THE COURT:
/s/ ______________________________
Lorie S. Gildea
Chief Justice
LILLEHAUG, J., took no part in the consideration or decision of this case.